PER CURIAM.
Carl Wallace Merritt appeals from an order denying relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The complete record of his arraignment in October of 1962 is as follows:
“Carl Wallace Merritt was called, and defendant being present and the information charging him with forgery being read to him, and he being asked whether he pleads guilty or not guilty, the defendant then and there plead guilty to said charge. The court asked defendant whether he understood such charge, to which he replied that he did. Defendant was advised of his constitutional rights. He stated that he was 29 years of age. The court accepted plea of guilty and adjudged defendant guilty but deferred sentence.”
In 1963 Merritt filed his motion for post-conviction relief, alleging facts to the effect that (1) he was insolvent at the time of his arraignment; (2) that he was denied compulsory process for obtaining witnesses; (3) that he was denied the right to have the assistance of counsel for his defense; (4) that at the time of arraignment he asked for counsel which was denied; (5) that at the time of arraignment the state’s attorney advised him that if he would plead guilty the sentences on the two informations would run concurrently, but the court passed sentences to run consecutively; and (6) that he asked the court for leave to withdraw his plea of guilty but this was denied.
 The court denied the motion without a hearing. Such a denial can be sustained only where, as stated in the rule, “the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.” Criminal Procedure Rule No. 1. This record is not so conclusive, and particularly so when viewed in the light of the fact that the words “defendant was advised of his constitutional rights” were written prior to the Gideon decision, wherein it was first determined that an in *246 solvent defendant’s constitutional rights included the right to court-appointed counsel. Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
The order denying relief is reversed with directions as stated in King v. State, Fla.App.1963, 157 So.2d 440.
SMITH, C. J., and ALLEN and ANDREWS, JJ., concur.