177 So.2d 345 (1965)
Bobbie William YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 5604.
District Court of Appeal of Florida. Second District.
July 16, 1965.
Robert E. Pyle, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
SHANNON, Acting Chief Judge.
This is an appeal from an order denying without a hearing appellant's motion for post conviction relief pursuant to the provisions of Criminal Procedure Rule No. 1, F.S.A. ch. 924, Appendix.
Represented by a public defender, the appellant had been tried by a jury and convicted of committing a lewd and lascivious act in the presence of a minor child. He was sentenced to serve a term of from six months to eight years in the State Prison. No appeal was taken from this conviction.
After the time for filing an appeal had elapsed, the appellant petitioned for relief under Criminal Procedure Rule 1. The petition stated in part:
"Movant respectfully submits that his constitutional rights were infringed upon at his trial, in that the Assistant State Attorney who prosecuted him at jury trial, Allen Allweiss, had previously been a member of the Public Defender's *346 Office, which office handled movant's defense at said Jury Trial. The said Allen Allweiss, while a member of the Public Defender's office had occasion to interview and interrogate this Movant for purposes of said Movant's defense. This Movant's rights were greatly prejudiced by having made statements in preparation for his defense to one who later prosecuted him for said offense."
The state attorney filed a motion in reply, admitting that Allweiss formerly had been a member of the public defender's office and that he had been the prosecutor at the appellant's trial, but denying that Allweiss had interviewed the appellant while a public defender.
The trial court denied appellant's petition in an order stating that it affirmatively appeared that the defendant was entitled to no relief. It is from this order that appeal is taken, the appellant arguing that in light of Rule 1 requirements he is at least entitled to a hearing on his petition. We agree, because under Rule 1 the trial court must grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." (Emphasis added).
In reaching our decision we have faced two issues: (1) whether the allegations would, if true, establish that the appellant had been denied due process of law, thus rendering the judgment void; and (2) whether the failure to appeal the conviction precludes this collateral attack on the judgment via Rule 1.
In regard to the due process issue, we find the general rule to be that when an attorney has had dealings with a defendant as a defense counsel and later becomes a prosecutor in the same case, a conviction thereby obtained must be reversed. E.g., State v. Leigh, 1955, 178 Kan. 549, 289 P.2d 774; State v. Burns, Mo. 1959, 322 S.W.2d 736; and 52 A.L.R.2d 1286. In State v. Leigh, supra, the defendant and his wife had several conversations with an attorney who eventually decided not to represent the defendant. Subsequently, this attorney was elected county attorney and prosecuted the defendant for the same offense which he had discussed with him. Although the prosecutor said that he did not remember any of the facts which had been related to him by the defendant or his wife and that he never actually agreed to represent the defendant, the court reversed the conviction. In its opinion the court said:
"An attorney cannot be permitted to participate in the prosecution of a criminal case if, by reason of his professional relations with the accused, he has acquired knowledge of facts upon which the prosecution is predicated or which are closely interwoven therewith." 289 P.2d at 777.
In State v. Burns, supra, the defendant retained an attorney who later was elected prosecuting attorney and "discontinued" his representation of the defendant. The defendant's trial was prosecuted by an assistant who was told nothing about the case by the prosecutor. The Missouri Supreme Court reversed the conviction and observed that: "We might well hold that the conduct of the trial in the manner here complained of constituted a deprivation of due process." State v. Burns, supra, 322 S.W.2d at 742. Similarly, it has been held that where a conflict of interest appears, the reversal of a conviction is required even if the defendant is unable to identify specific prejudicial acts on the part of the prosecutor. State v. Detroit Motors, 1960, 62 N.J. Super. 386, 163 A.2d 227; and State v. Burns, supra.
The Florida decision closest in point is this court's holding in Todd v. State, Fla. App. 2, 1965, 176 So.2d 344. (Filed June 11, 1965). In Todd the defendant was represented by counsel of his own selection at arraignment and trial. After the trial, but before judgment and sentence, Todd's counsel was appointed assistant state attorney. *347 We held that the defendant was not deprived of due process because he was given an opportunity to request disqualification of the state attorney or any of his assistants at the sentencing. Todd had employed another attorney, and after conferring with him, expressly waived the tendered disqualification. Under these circumstances we held that the defendant was not entitled to post conviction relief.
Todd is distinguishable from the present case on two grounds: (1) Todd's defense counsel was appointed assistant state attorney after the defendant's trial, whereas, the same attorney who interviewed the appellant here prior to trial was the prosecutor for the state at the trial; and (2) the record showed that Todd, upon the advice of his own counsel, intelligently waived any possible disqualification, while in the case before us there is only the implied waiver of failure to appeal. It is clear therefore that the facts before us are materially different from the Todd case, and we believe that decision not to be controlling here.
Accordingly, the authorities discussed support the holding that when an attorney has been consulted by a criminal defendant, and later becomes a prosecutor in the same case, the defendant is deprived of the substance of a fair trial and due process.
Assuming therefore that Mr. Allweiss while a public defender did in fact confer with Appellant Young, his later participation in the case as prosecutor was fundamental error, and was a denial of due process. Under Rule 1, if a petitioner shows that he was denied due process he may collaterally attack his conviction. Marti v. State, Fla.App. 3, 1964, 163 So.2d 506.
This brings us to the second main point in this case, which is whether the appellant has forfeited his right to Rule 1 relief by failing to appeal when he was originally convicted.
In Burse v. State, Fla.App. 3, 1965, 175 So.2d 586, the appellant and a man named Tolliver were tried together and convicted of third degree murder. Tolliver's conviction was reversed following a direct appeal because of improper remarks by the prosecutor. Burse took no appeal, but raised the issue four years after conviction by Rule 1 petition. The appellate court granted him a new trial, holding that where there is a denial of due process a collateral attack is proper even though no appeal was taken.
The United States Supreme Court in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, held that a New York conviction obtained by means of a coerced confession was susceptible to attack via habeas corpus in the federal courts even though the petitioner (apparently on advice of counsel) had not appealed in the state court. The appeal time had elapsed and the Supreme Court stated that since that was the case, the petitioner had no further state remedies available. The court noted that "void judgments may be collaterally impeached." In regard to the argument that the defendant forfeited the right to collaterally attack the judgment by failing to appeal the court said:
"* * * [A] forfeiture of remedies does not legitimize the unconstitutional conduct by which the conviction was procured." 372 U.S. at 428, 83 S.Ct. at 843, 9 L.Ed.2d at 862.
We therefore hold that the procedural default of failing to appeal is not equivalent to an express waiver of a constitutional right and will not preclude collateral attack on an unlawful conviction. See Merritt v. State, Fla.App. 2, 1964, 165 So.2d 245; and King v. State, Fla.App. 2, 1963, 157 So.2d 440. See generally, Note 111, U.Pa.L.Rev. 788 (1962-63). This is true in those cases in which attack via direct appeal is foreclosed due to the passage of time. Fay v. Noia, supra.
The record in this case indicates that there is an issue of whether the prosecutor at this appellant's trial had previously *348 served as his defense counsel while a member of the public defender's staff. We believe a hearing is necessary to determine the issue of fact raised by the petition, and should the allegations be well founded a new trial will be required. We reverse for a hearing and possible new trial in accordance with Criminal Procedure Rule 1.
Reversed.
SMITH and ANDREWS, JJ., concur.