501 P.2d 691

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Amado CHAVEZ, Defendant-Appellant.**

**No. 895.**

Court of Appeals of New Mexico.

Sept. 15, 1972.

Ronald T. Taylor, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Chavez was convicted of aggravated assault upon a police officer on the basis that he unlawfully assaulted or struck at the officer with a gun while the officer was in the lawful discharge of his duties. Section 40A–22–21(A)(1), N.M.S.A. (Repl. Vol. 6, Supp.1971).

■ Chavez contends the trial court erred in failing to clarify conflicting testimony of one expert witness.

An expert biochemist and toxicologist testified on behalf of the state. The expert's testimony on direct and cross-examination conflicted as to whether there was residue on the back of defendant's hand. It is this conflict which defendant asserts the trial court should have clarified.

Chavez did not request any clarification during or after the testimony of the expert. Therefore, the trial court did not err in failing to do so. State v. Madrid, 83 N.M. 603, 495 P.2d 383 (Ct.App.1972).

■ Chavez sought diminution of the record to order the trial court to strike from the record the expert's testimony that there was residue on back of Chavez's hand. The expert, by affidavit, stated he did not remember making the statement. The writ was denied. The fact that the expert did not remember making the statement is not a denial that the statement was actually made. Defendant's trial counsel does assert in his affidavit that the expert " * * * did not state at trial that there was residue on the back of Mr. Chavez's hands. . . ." No such claim was made when the bill of exceptions was settled although the rule provides for corrections at that point. Section 21–2–1(13)(5), N.M. S.A.1953 (Repl. Vol. 4). The court reported certified "a true and correct record

of all testimony offered. * * *" In these circumstances, the Court of Appeals did not abuse its discretion in refusing to make the correction urged by defendant. Section 21–2–1(14)(12), N.M.S.A.1953 (Repl. Vol. 4).

There was substantial evidence to sustain Chavez's conviction.

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.