536 P.2d 263

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Martin AGUILAR, Defendant-Appellant.**

**No. 1799.**

Court of Appeals of New Mexico.

May 21, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Donald Klein, Jr., Associate Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant was convicted of battery contrary to § 40A–3–4, N.M.S.A. 1953 (2d Repl. Vol. 6, 1972). Defendant appeals asserting two points for reversal, namely, (1) that the trial court failed to instruct on the essential element of intent; and, (2) that defendant was denied representation because his counsel had conflicting interests. We affirm point 1 and reverse on point 2.

1. *Instruction*

This point is without substance and neither merits a statement of the issue nor a

discussion. It is answered by State v. Gonzales, 86 N.M. 556, 525 P.2d 916 (Ct. App.1974) and the numerous cases cited therein.

### 2. Attorney-Client Relationship

The alleged facts out of which the case arose was that defendant, while in a bar, either pushed, shoved or threw the victim through a glass door thereby cutting the victim's vocal cords.

Trial counsel was appointed to represent defendant, an indigent, on April 3, 1974. Subsequently, defendant was arraigned and, thereafter, on April 30, 1974 filed a motion to dismiss the indictment. Attached to defendant's motion was the affidavit of the victim which states in part:

"I do not want any charges pressed against Martin Aguilar except that I do want him to help me pay the medical expenses and he has agreed to pay them."

The trial court denied the motion.

On July 11, 1974 defendant's motion to allow his attorney " * * * to be relieved as a court appointed attorney because he has made separate arrangements with his attorney . . ." was granted.

On August 29, 1974 a conference occurred, out of the presence of the jury, the essence of which was that trial counsel pursuant to a retainer was representing the victim in a proposed civil action against the bar owners and manager. The district attorney pointed out the inconsistency of the dual representation.

■ To ask the question whether an attorney can represent two clients with possible conflicting interests is to answer the question in the negative. See Rule 5–105(B) of Canon 5 of the Code of Professional Responsibility effective June 1, 1964, § 18–5–5(105)(B), N.M.S.A.1953 (Int. Supp.1974) and its predecessor DR 5–105(B) of Canon 5 of the Code of Professional Responsibility effective February 24, 1971, § 21–2–1(32), N.M.S.A.1953 (Supp. 1971). The record does not show a disclosure as contemplated by Rule 5–105(C), § 18–5–5(105)(C), supra, and a waiver as contemplated by Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). We must therefore assume there was not a disclosure and waiver.

■ A defendant is denied his constitutional right of effective assistance of counsel if his attorney represents conflicting interests without a disclosure of such facts and a waiver of the conflict by the defendant. Glasser v. United States, supra. As stated in Porter v. United States, 298 F.2d 461 (5th Cir. 1962):

"The Constitution assures a defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed. Such representation is lacking, however, if counsel, unknown to the accused and without his knowledgeable assent, is in a duplicitous position where his full talents—as a vigorous advocate having the single aim of acquittal by all means fair and honorable —are hobbled or fettered or restrained by commitments to others. [citations omitted]."

When ineffective assistance of counsel is alleged due to conflict of interest between the defendant and the victim, we will assume prejudice and none need be shown or proved. As stated in Castillo v. Estelle, 504 F.2d 1243 (5th Cir. 1974):

" . . . When there is a conflict of interest such as exists in this case, [defense attorney representing the defendant's alleged victim in civil litigation] the prejudice may be subtle, even unconscious. It may elude detection on review. A reviewing court deals with a cold record, capable, perhaps, of exposing gross instances of incompetence but often giving no clue to the erosion of zeal which may ensue from divided loyalty. . . ."

See also United States v. LaVallee, 282 F. Supp. 968 (E.D.N.Y.1968).

Accordingly, the judgment of conviction is reversed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.