543 P.2d 1188

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Victor Marcelino MATA, Defendant-Appellant.**

**No. 2146.**

Court of Appeals of New Mexico.

Nov. 25, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defend-er, Donald Klein, Jr., Associate Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Don Montoya, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant's conviction was affirmed in *State v. Mata*, 86 N.M. 548, 525 P.2d 908 (Ct.App.1974). He now appeals from a denial of post-conviction relief. His motion for relief was filed in February, 1975 and therefore is not subject to Rule of Criminal Procedure 57.

■ Five of the six claims for relief were either answered or could have been raised in the direct appeal. They will not be considered further. *State v. Gillihan*, 86 N.M. 439, 524 P.2d 1335 (1974).

■ One claim requires discussion. It is that defendant is entitled to a new trial as a matter of law because when defendant was tried, his former defense attorney was an employee of the district attorney's office which prosecuted the case. After an evidentiary hearing the trial court ruled that this claim did not provide a basis for relief. We agree.

*State v. Chambers*, 86 N.M. 383, 524 P. 2d 999 (Ct.App.1974) held, in a similar situation, that the district attorney's office was disqualified from prosecuting the case. No claim was made in *Chambers* that the attorney had divulged any privileged communications. The decision was based on the appearance of unfairness which resulted from the former defense attorney becoming a member of the prosecutor's staff. Other decisions concerned with an appearance of conflicting interests are *State v. Hill*, 88 N.M. 216, 539 P.2d 236 (Ct.App. 1975) and *State v. Aguilar*, 87 N.M. 503, 536 P.2d 263 (Ct.App.1975).

The concern for the appearance of unfairness has been met in this case. The trial court conducted an evidentiary hearing. The court's findings, which are unchallenged, are: 1. Attorney Kelly was ap-

pointed to represent defendant and did represent him at his preliminary hearing July 13, 1972 and at arraignment July 24, 1972. 2. Kelly was employed as an assistant district attorney August 16, 1972. " 3. Kelly was relieved as defense attorney August 23, 1972 and, on the same date, attorney Young was appointed to represent defendant. 4. Kelly never discussed the case with the district attorney or any of the district attorney's assistants or employees. 5. Kelly had nothing to do with the trial of defendant's case, never entered the courtroom when the case was tried, never talked or consulted with the prosecutor and lent no assistance in the prosecution. The record in the direct appeal shows Young represented defendant at trial. The appearance of unfairness is dissipated by the above facts.

Defendant's claim was not raised either at trial or on appeal. Compare the time when the issue was raised in *Chambers, Hill* and *Aguilar, supra.* The unchallenged finding is that at no time "until April 28, 1975, did the Defendant or any of his last five (5) attorneys raise any question or issue concerning the District Attorneys [sic] office of the Sixth Judicial District prosecuting the trial of this case on October 25, 1972."

Defendant asserts it is of no moment that he raises a stale claim. He relies on *Young v. State,* 177 So.2d 345 (Ct.App. Fla.1965). *Young* held: (1) if in fact the prior defense attorney did confer with Young, it would be fundamental error because the attorney prosecuted defendant at his trial; (2) there should be an evidentiary hearing to determine whether the attorney had in fact conferred with Young; and (3) the issue was not waived by the fact that Young did not appeal his conviction.

We agree with *Young, supra,* to the extent it required an evidentiary hearing. We do not apply *Young* on the issue of a stale claim because it does not state New Mexico law. *State v. Gillihan, supra,* points out that post-conviction proceedings cannot be utilized as a substitute for an appeal or as a means for correcting errors which occurred during trial; that this is true even though the claimed errors relate to constitutional grounds and that these rules apply with even greater force when an issue in a post-conviction proceeding was not raised on direct appeal.

What we have here is a stale claim. That claim is not based on any unfairness in the proceedings against defendant. Rather the claim is based on an appearance of unfairness. That appearance was shown to be untrue in an evidentiary hearing. The trial court properly denied post-conviction relief.

Oral argument is unnecessary. The order denying relief is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.