BOARDMAN, Chief Judge.
Appellant/defendant Robert C. Dexter appeals the order of the trial court summarily denying his motion to vacate his plea and set aside the judgment and sentence pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Summary denial of a motion under this rule can be sustained only when “the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief . . .” Fla.R.Crim.P. 3.850. See Merritt v. State, 165 So.2d 245 (Fla.2d DCA 1964). We are unable to conclude from the record on appeal that appellant is entitled to “no relief” and, therefore, we reverse.
Appellant and two codefendants (not involved in these proceedings) were charged with robbery. Appellant and one codefend-ant Stanley Curtis Thompson were represented in court by the same public defender, and they entered pleas of guilty as charged. The record shows that appellant’s plea was entered upon advice of counsel. The trial court informed them of the charge, maximum sentence, and the rights they were waiving by pleading guilty; and each informed the court they had not been coerced or promised anything to induce them to plead guilty. Notwithstanding,' we point out that no factual basis for the entry of the guilty plea was made and no mention *458 was made of any defenses either defendant may have had. On September 18, 1974 appellant and Thompson were sentenced to ten years imprisonment.
On October 22, 1974 appellant wrote a letter to the trial court seeking mitigation or reduction of his sentence in which he stated that he had gone into a 7-11 store with Thompson to buy a pack of cigarettes and that after he had made the purchase he was starting to walk out of the store when Thompson pulled out a gun and held up the store clerk; that he did not know anything about the robbery in advance or take part in it; and that he did admit that he was “guilty of being involved and not saying anything to anyone.” The trial court apparently treated the letter as a 3.850 motion and denied it.
In the motion now before the court appellant alleges that his plea of guilty was not freely and voluntarily made but was entered upon advice of his counsel; that his court-appointed attorney conferred with him only once for not more than fifteen minutes prior to the entry of his plea; that his counsel advised him to plead guilty or he would receive a life sentence because he had no defense; that counsel did not discuss the case in general with him, would not listen to his protestation of noninvolvement in the robbery, and made no independent investigation of the case; and that appellant was unaware of his rights, and counsel did not truthfully advise appellant of the consequences of his plea or -inform him of his rights. An affidavit from Thompson was appended to the motion. It corroborates the facts as stated in appellant’s October 1974 letter with the addition of a statement that Thompson split the money he obtained in the robbery with appellant and the other codefendant. The trial court denied appellant’s motion, and this appeal followed.
If appellant’s version of the facts surrounding the robbery is true, he is not guilty of the robbery, but only of acting as an accessory after the fact to the robbery. That offense is a third-degree felony and carries a maximum sentence of five years in prison. § 776.03, Fla.Stat. (1973) (current version at § 777.03, Fla.Stat. (1977)); § 775.082(4)(d), Fla.Stat. (1973) (current version at § 775.082(3)(d), Fla.Stat. (1977)). In view of the fact that the trial court failed to determine a factual basis for the acceptance of the plea, as outlined in Rule 3.170(j), Florida Rules of Criminal Procedure, appellant’s version of the facts is not refuted by the record.
Appellant states that he pled guilty out of ignorance of the law. Inasmuch as the court did not advise appellant of the possible defenses to the charge against him, and there is no indication in the record that appellant’s counsel did so, this allegation by appellant is also not refuted.
We conclude that if appellant’s allegations are true his guilty plea was not voluntarily entered, he has shown prejudice and manifest injustice, and he should be given the opportunity to withdraw his plea of guilty and stand trial if he elects to do so. Because these allegations are not refuted, appellant is entitled to an evidentiary hearing. State v. Reynolds, 238 So.2d 598 (Fla.1970).
Accordingly, the order denying appellant’s motion to vacate is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
REVERSED and REMANDED.
SCHEB and RYDER, JJ., concur.