948 F.2d 1295
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Daniel ZEPEDA, Petitioner-Appellant,
v.
Donald DORSEY, Respondent,
and
Attorney General of the State of New Mexico, Respondent-Appellee.
 No. 90-2045.
 United States Court of Appeals, Tenth Circuit.
 Nov. 14, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter comes before the court on Respondent's Petition for Rehearing. In our previous Order and Judgment, Zepeda v. Dorsey, No. 90-2045 (10th Cir. Sept. 5, 1991), we concluded that Petitioner had not exhausted his state remedies and remanded the case to the district court with instructions to apply the requirements of Rose v. Lundy, 455 U.S. 509 (1982). Respondent now requests that we reconsider this decision in light of the footnote in the recent Supreme Court opinion of Coleman v. Thompson, 111 S.Ct. 2546 (1991). In Coleman, the Court qualified the rule articulated in Harris v. Reed, 489 U.S. 255 (1989), that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering judgment in the case ' "clearly and expressly" ' states that its judgment rests on a state procedural bar," id. at 263 (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985) (quoting Michigan v. Long, 463 U.S. 1032, 1041 (1983))).
 
 The Coleman footnote states:
 
 3
 This rule does not apply if the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.
 
 
 4
 Coleman, 111 S.Ct. at 2557 n. 1 (citations omitted). We conclude that the facts of this case are appropriate for consideration under the Coleman footnote and thus grant Respondent's Petition for Rehearing.
 
 
 5
 On direct appeal, Petitioner alleged three trial court errors based on state evidentiary rules, and a fourth contention that the evidence of premeditation presented at trial was insufficient to support a verdict of first degree murder. The New Mexico appellate court considered all of Petitioner's claims and found them to be without merit.
 
 
 6
 In his subsequent habeas petition to the federal district court, however, Petitioner raised constitutional confrontation issues not raised on direct appeal. The district court dismissed Petitioner's first three claims as procedurally barred and agreed that his fourth claim of insufficiency of the evidence is without merit. Pursuant to the Coleman directive, we must now consider whether, on remand, New Mexico would find Petitioner's unexhausted constitutional claims to be barred.
 
 
 7
 The long-established rule in New Mexico is that issues not raised on direct appeal are subject to waiver. State v. Gillihan, 524 P.2d 1335, 1336 (N.M.1974); see also State v. Cranford, 582 P.2d 382, 384 (N.M.1978) (issues not raised on direct appeal are foreclosed); State v. Mata, 543 P.2d 1188, 1189 (N.M.Ct.App.1975) (claimed trial errors not raised on direct appeal cannot be raised in post-conviction proceedings). "This is true even though the claimed errors relate to constitutional grounds." Gillihan, 524 P.2d at 1336 (citing State v. Garcia, 450 P.2d 621, 623 (N.M.1969)); Mata, 543 P.2d at 1189.
 
 
 8
 Under New Mexico law, a defaulted claim concerning the denial of a fundamental constitutional right is subject to waiver with the court having discretion as to whether to decide the matter on the merits. See State v. Clark, 772 P.2d 322, 330-32 (N.M.), cert. denied, 110 S.Ct. 291 (1989); State v. Escamilla, 760 P.2d 1276, 1281 (N.M.1988). Fundamental errors, on the other hand, are not subject to waiver. See State v. Isiah, 781 P.2d 293, 297 (N.M.1989); Escamilla, 760 P.2d at 1281. A fundamental error must involve a doubt as to the guilt or innocence of the defendant such as would shock the conscience, Isiah, 781 P.2d at 297, a gross miscarriage of justice, Clark, 772 P.2d at 331, or a denial of due process of law, State v. Lujan, 712 P.2d 13, 19 (N.M.Ct.App.1985), cert. denied, 713 P.2d 556 (N.M.1986). Petitioner's claims of error do not fit within this narrow definition.
 
 
 9
 We thus conclude that, pursuant to New Mexico law, if Petitioner's claims were now remanded as unexhausted, they would be procedurally barred. As a result, in light of the distinction made in Coleman, Petitioner's constitutional claims not raised on direct appeal are procedurally barred for purposes of federal habeas corpus review.
 
 
 10
 We are then left with the question of whether Petitioner's default can be excused. "[F]ederal habeas review of a federal claim which a state court has refused to consider because of the petitioner's noncompliance with state procedural rules is barred 'absent a showing of "cause" and "prejudice" attendant to a state procedural waiver[.]' " Church v. Sullivan, 942 F.2d 1501, 1506 (10th Cir.1991) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)); see also Coleman, 111 S.Ct. at 2565; Murray v. Carrier, 477 U.S. 478, 492 (1986) ("[C]ounsel's failure to raise a particular claim on appeal is to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts.").
 
 
 11
 Petitioner asserts that ineffective assistance of appellate counsel "caused" his procedural default. The standard found in Strickland v. Washington, 466 U.S. 668, 686 (1984), that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" is applicable to a consideration of whether attorney error constitutes cause for a failure to raise issues in a state appeal. Coleman, 111 S.Ct. at 2566. The attorney errors or omissions complained of must fall "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690; see also Gilbert v. Scott, 941 F.2d 1065, 1068 (10th Cir.1991). "Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default." McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991) (citing Murray, 477 U.S. at 486-88). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486-87. Petitioner has failed to allege the existence of any "objective factor external to the defense [which] impeded counsel's efforts." Id. at 488. Counsel's acts and omissions are insufficient to excuse Petitioner's default.
 
 
 12
 Petitioner's fourth claim, disposed of on the merits by the district court, is that the evidence presented at trial was insufficient to support the jury's conclusion that Petitioner premeditated the killing. In addressing this claim, we must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 13
 In this case, the evidence is sufficient to support Petitioner's conviction under New Mexico's homicide statute, N.M.Stat.Ann. § 30-2-1. See State v. Montoya, 684 P.2d 510, 511-12 (N.M.1984). An eyewitness to the murder testified that, after Petitioner threw a beer can in the victim's face, Petitioner chased him down, knocked him to the ground, and repeatedly stabbed him. II R. 69-72. A second witness, a former cellmate of Petitioner, testified that Petitioner had confessed the crime to him. Id. at 272-73. Finally, two other witnesses testified that during conversations with Petitioner, he had indicated that he killed someone for "snitching," id. at 249-51, or had "wasted" the victim, id. at 213-14.
 
 
 14
 Petitioner argues that the testimony of these witnesses should have been excluded because they testified as they did in return for favorable treatment regarding their own legal problems. We disagree. Although the record indicates that the witnesses were promised favorable treatment in exchange for testifying, there is no evidence that such treatment was conditioned upon the content of their testimony. Moreover, there is no indication that the jury was incapable of resolving the question of the witnesses' credibility and of giving the proper weight to the testimony. See United States v. Gomez, 810 F.2d 947, 956-57 (10th Cir.), cert. denied, 482 U.S. 908 (1987).
 
 
 15
 New Mexico law supports the premise that deliberate intent to commit a crime may be formed in a short period of time. State v. Lucero, 541 P.2d 430, 432 (N.M.1975). The presence or lack of premeditation is a question for the jury after consideration of all the circumstances. State v. Riggsbee, 515 P.2d 964, 967 (N.M.1973). The existence of intent may be inferred from the direct and circumstantial evidence presented. State v. Smith, 416 P.2d 146, 149 (N.M.1966). It is our conclusion that the circumstances surrounding this crime, in conjunction with the factual testimony regarding the viciousness of the attack on the victim, create a strong basis for inferring the necessary intent beyond a reasonable doubt.
 
 
 16
 We therefore VACATE our Order and Judgment filed September 5, 1991, and AFFIRM the judgment of the United States District Court for the District of New Mexico.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3