ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
We grant Appellee’s motion for rehearing and clarification, and substitute this opinion for the one issued February 4, 1992.
We find merit in only one of the issues presented: whether the subsequent employment of appellant’s former defense counsel by the prosecution jeopardized appellant’s right to a fair trial.
Appellant was initially represented by an attorney, a public defender, who was ultimately hired as a prosecutor by the same state attorney’s office who prosecuted appellant. Although the State contends that the attorney was shielded from appellant’s case, there is uncontroverted testimony on the record that appellant’s former attorney had communication with the prosecutor, and. that he was sitting at the prosecution table during a hearing concerning appellant. Also, the former defense counsel was assigned to work in the same courtroom as that in which appellant was being tried.
The law is unequivocal that an attorney cannot participate in the prosecution of a person whom he previously defended in a criminal case. Castro v. State, 597 So.2d 259 (Fla.1992); State v. Fitzpatrick, 464 So.2d 1185 (Fla.1985); Young v. State, 177 So.2d 345 (Fla. 2d DCA 1965). Even the appearance of such participation calls into question the integrity of the judicial system. As stated in Castro: “Even where no actual breach ... has occurred or *336 would have occurred, we are not the forum in need of convincing. To the public at large, the potential for betrayal in itself creates the appearance of evil, which in turn calls into question the integrity of the entire judicial system.” Castro v. State, at 260 (quoting State v. Fitzpatrick, 464 So.2d at 1188).
On rehearing, the State argues that “only five ... [state] attorneys [in the sixteenth judicial circuit] are capable of prosecuting” appellant and “[b]ecause of the size of Monroe County, these five assistants will almost necessarily practice in the same courtroom or communicate [with the former defense counsel or prosecutor in this case] on a regular basis.” The State, therefore urges this court not to disqualify the whole State Attorney’s office.
It is precisely because the office is so small, the prosecutors so few, and there is such inevitable contact, that the office must be disqualified. Where the rule established by Fitzpatrick prohibiting the disqualified attorney from “personally assisting] in any capacity, in the prosecution of the charge,” Castro v. State, at 261 (quoting with emphasis State v. Fitzpatrick, 464 So.2d at 1188), is violated, disqualification of the entire state attorney’s office is appropriate. Castro v. State, at 261.
Reversed and remanded for a new trial.