This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        **NO. 29,638**

**CECIL HANEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his conviction of one count of criminal sexual contact of a

minor. We proposed to affirm the conviction. Defendant has timely responded. We have considered his arguments and, not being persuaded, we affirm.

Defendant continues to argue that the district court erred in allowing the victim to testify about an uncharged incident. In our notice, we proposed to conclude that the district court did not err in allowing the testimony. [CN 2] The defense objection at trial was that the testimony concerned a second uncharged count that was not in the complaint. The objection was construed as going to notice of the testimony of other bad acts. [RP 141] The district court concluded, and we proposed to agree, that the defense was on notice of the testimony as it was part of the victim's narrative that had been given to the defense before trial.

In his memorandum in opposition, Defendant does not address this proposal. Rather, he focuses on the bases for admission of bad acts evidence. [MIO 3-5] This argument was not raised below. The objection to the admission of the evidence was not that it was not admissible because the State failed to give a rationale for the evidence; but rather, that the defense had been given no notice that such evidence would be presented. [RP 141] Thus, we assume that Defendant understood that there was a rationale for its admission as his only objection was that he had not been given notice.

We conclude that the arguments against admission of this evidence made in the memorandum in opposition were not properly preserved below. *See State v. Steven B.*, 2004-NMCA-086, ¶¶ 8, 10, 136 N.M. 111, 94 P.3d 854 (discussing preservation problems). Therefore, we do not address them.

Defendant continues to argue that the evidence was insufficient to support the conviction. [MIO 5-7] In so doing, he argues that, because of the inconsistencies in the victim's testimony, a jury could not determine, beyond a reasonable doubt, that Defendant touched or applied force to the victim's penis. [MIO 6] As we pointed out in our notice, it was for the jury to reconcile the varied accounts and determine how those accounts affected the victim's testimony. [CN 5] The victim's testimony that Defendant touched his penis was sufficient to support the conviction. *See State v. Nichols*, 2006-NMCA-017, ¶¶ 10-11, 139 N.M. 72, 128 P.3d 500 (filed 2005) (discussing the victim's testimony in relation to a sufficiency of the evidence claim).

Finally, Defendant continues to argue that the State should not have been allowed to construe a statement that he had made regarding that he did not remember inappropriately touching the victim as an admission. [MIO 7-8] As we pointed out in our notice, the State is allowed to comment on evidence. [CN 3-4] Further, we have stated that a failure to remember something is not a denial. *See State v. Chavez*,

84 N.M. 247, 247, 501 P.2d 691, 691 (Ct. App. 1972).

For the reasons stated herein and in the notice of proposed disposition, we affirm the conviction.

**IT IS SO ORDERED**.

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**