This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                          **No. 31,783**

**CARLLOWS BATTLE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Carllows Battle
Pekin, IL

Pro Se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals pro se from the district court's order dismissing his petition for writ of error coram nobis or a Rule 1-060(B) NMRA motion. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

In this Court's calendar notice, we considered Defendant's claims that his counsel's assistance fell below that of a reasonably competent attorney to determine if the district court was correct in dismissing Defendant's petition for a writ of coram nobis, which is considered as a motion filed pursuant to Rule 1-060(B). We considered Defendant's claims that his counsel (1) "fail[ed] to offer . . . a good faith estimate of the evidence against him and allow[ed] him to plead guilty when he had a strong chance of being acquitted," and (2) "fail[ed] to discuss the collateral consequences of [Defendant's] guilty plea." [RP 179, 181] With respect to Defendant's argument that defense counsel failed to inform him that his conviction could be used to enhance future sentences, this Court proposed to conclude that counsel was not required to inform Defendant of such collateral consequences. [CN 5-6 (citing *State v. Miranda*, 100 N.M. 690, 693, 675 P.2d 422, 425 (Ct. App. 1983), (stating that a defendant does not have to "be informed of all collateral consequences of his plea, such as its use in a subsequent habitual proceeding, in order to make the

plea voluntary, knowing, and intelligent"). Defendant does not challenge this proposed conclusion in his memorandum in opposition, and we consider this argument to be abandoned. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

Defendant maintains, however, that his counsel was deficient because counsel did not provide him with enough information to make his decision to enter into a plea agreement knowing, voluntary, and intelligent. [MIO 5] Defendant claims that "[b]efore a criminal defendant can make a voluntary and intelligent waiver of his right to jury trial, counsel must necessarily provide his client with an understanding of the prevailing law and how it applies to the facts of the case." [MIO 6] To the extent Defendant contends that "the record fails to establish that his guilty plea was the product of a voluntary and intelligent waiver of his rights[,]" [MIO 6] and that "the record fails to disclose whether counsel provided Defendant with any type of information that would have enable [sic] him to make 'a voluntary and intelligent choice among the alternatives.'" [MIO 7] This Court has previously dismissed such arguments stating that they "overlook [a d]efendant's burden in this type of proceeding." *State v. Tran*, 2009-NMCA-010, ¶ 19, 145 N.M. 487, 200 P.3d 537

3

(indicating that a defendant's burden in establishing ineffective assistance of counsel requires a defendant to establish an evidentiary basis for the claim and not merely point to an absence of evidence in the record). To the extent, Defendant attempted to provide the district court with an evidentiary basis for his petition by filing affidavits. Defendant's affidavit indicates that counsel provided an assessment of the evidence [RP 190], informed him of the sentence Defendant faced if convicted [RP 189], and advised Defendant that the quickest way to resolve the matter was to enter into a plea agreement [RP 190]. We proposed to conclude that this was within the range of advice that would be given by a reasonably competent attorney, and Defendant has not demonstrated otherwise. *See State v. Sisneros*, 98 N.M. 201, 202-03, 647 P.2d 403, 404-05 (1982) ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law."). Although Defendant contends that his counsel's advising him to take the plea agreement was troubling where there was little evidence against him, given Defendant's concerns about the cost of traveling to and from New Mexico to participate in his defense, counsel's advice to take the plea despite limited evidence is reasonable. *Cf. State v. Bonilla*, 2000-NMSC-037, ¶ 12, 130 N.M. 1, 15 P.3d 491 (stating that defendants are often persuaded to accept a plea to "avoid[] a trial and the time and expense associated with it"). Moreover, despite Defendant's contentions that there was no evidence against him, the district court

accepted the statement of probable cause as the factual basis for Defendant's plea. [RP 136] This Court notes that the statement of probable cause contains information that could establish that Defendant had conspired with the driver of the vehicle in which the marijuana was found.

Further, we conclude that Defendant's citation to federal Tenth Circuit Court of Appeals case law is unpersuasive. Of the three cases Defendant primarily relies on in his memorandum in opposition, only one case resulted in the defendant being allowed to withdraw her guilty plea, and that decision was the result of the district court's failure to inform the defendant at the plea hearing of the elements of the charges she faced or the correct penalties for those charges. *See United States v. Gigot*, 147 F.3d 1193, 1198 (10th Cir. 1998). Because *Gigot* involved a district court's failure to inform regarding the elements of charge and misinformation regarding the ultimate penalty faced if convicted, neither of which are at issue in this case, we do not find *Gigot* helpful in addressing Defendant's appeal. Moreover, Defendant has not provided this Court with any citation to authority, and we are aware of no such authority, that would require this Court to conclude that the facts of this case mandate that Defendant be permitted to withdraw his plea. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that an appellate

court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists).

For these reasons, we affirm.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**

6