# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-1775 & 3D21-1774
Lower Tribunal Nos. 18-1518-A-K & 21-0298-A-K

_____

**Terrence McMahon, and
Patricia Minner,**
Petitioners,

vs.

**The State of Florida,**
Respondent.

Writs of Certiorari to the County Court for Monroe County, Peary S. Fowler, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for petitioners.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for respondent.

Before EMAS, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Petitioners Terrence McMahon and Patricia Minner seek certiorari review of separate lower court orders denying their motions to disqualify the Office of the State Attorney of the Sixteenth Judicial Circuit in and for Monroe County, Florida ("Monroe County SAO"). For the reasons set forth below, we grant both Petitions and quash the orders below because the lower court failed to conduct an evidentiary hearing on the issue of imputed disqualification.

McMahon and Minner were both represented by the Monroe County Public Defender's Office while attorney Cyle Moses was employed there. Mr. Moses left the Public Defender's Office in May 2021 and became an assistant state attorney for Monroe County. Shortly thereafter, Assistant Public Defender Elizabeth Isherwood filed motions to disqualify both Assistant State Attorney Moses and the entire Monroe County SAO.[1]

---

[1] McMahon's motion was filed in <u>State v. McMahon</u>, lower case no. 2018-MM-1518-A-K (3D21-1775). Minner's motion was filed in <u>State v. Minner</u>, lower case no. 2020-298-A-K (3D21-1774). McMahon's motion was heard first, and defense counsel advised the lower court that she would be making the same argument in both cases for disqualification of Assistant State Attorney Moses, individually, and for the imputed disqualification of the entire Monroe County SAO. We have consolidated these Petitions. Both cases involve motions to disqualify, filed by the same defense attorney on the same day, and heard by the same lower court judge at the same time. Although the facts alleged in the two disqualification motions are substantially the same, we note that Minner's motion separately alleges Mr. Moses personally assisted in the prosecution of Minner's case by entering into plea negotiations on behalf of the State and by speaking with Minner's defense

2

The motions alleged that Mr. Moses was privy to confidential and privileged information related to the legal representation of McMahon and Minner and that he was not properly screened. The motions also argued that even if Mr. Moses had been properly screened, he was still the supervising attorney of the only prosecutor in the misdemeanor division of the Key West branch of the Monroe County SAO. The motion further alleged that Mr. Moses, in his supervisory capacity, has regular communication with the other prosecutor in that office and would be present at counsel table during hearings on the cases and that Mr. Moses was also assigned to the same courtroom where McMahon and Minner would be tried.

In support, the motions cited to <u>State v. Fitzpatrick</u>, 464 So. 2d 1185, 1188 (Fla. 1985) and contended that the entire Monroe County SAO should be disqualified by virtue of imputation where an attorney has personally assisted, in any capacity, in the prosecution of the case. In further support of this position, the motions alleged that the nature and size of the Monroe County SAO made it inevitable for prosecuting attorneys to have contact with one another. Both motions were heard on August 12, 2021.

---

counsel (while Mr. Moses was a prosecutor) concerning pending motions in Minner's case.

Mr. Moses asserted that as a public defender he "never personally represented these defendants" but acknowledged there was "group collaboration" about the cases. He further went on to state that he "was generally familiar with the facts" but "wouldn't feel that [he] was in any sort of possession of any intimate confidential knowledge. But, even to the extent that [he] was, personally [he] would feel that [transferring the cases to] Marathon would remedy the problem."

Isherwood responded that Mr. Moses "certainly does have intimate knowledge." To which the lower court responded:

> I'm ok with that.
> . . . .
> I get that. You don't have to argue that. I understand.
> He doesn't have a great memory exactly but, of course, he was involved with that. I'm going to -- I'm going to accept that.

The lower court then ruled that it was going to transfer both cases to the Marathon Office of the Monroe County SAO, thus granting the motion to disqualify Mr. Moses but denying the motion to disqualify the entire Monroe County SAO.

In Fitzpatrick, our highest court reviewed a decision by the Fifth District Court of Appeal that required the disqualification of the entire State Attorney's Office for the Seventh Judicial Circuit. 464 So. 2d 1185 (Fla.

4

1985).  In quashing the Fifth District's decision, the Supreme Court held as follows:

> In the instant case, the trial court found that confidential communications transpired between the attorney and Fitzpatrick, and it is undisputed that these communications related to the criminal case that is currently being prosecuted.  We find, however, that imputed disqualification of the entire state attorney's office is unnecessary when the record establishes that the disqualified attorney has neither provided prejudicial information relating to the pending criminal charge nor has personally assisted, in any capacity, in the prosecution of the charge.

Id. at 1188.

We have previously held that "[w]here the rule established by Fitzpatrick prohibiting the disqualified attorney from *'personally assist[ing], in any capacity, in the prosecution of the charge,'* . . . is violated, disqualification of the entire state attorney's office is appropriate." Popejoy v. State, 597 So. 2d 335, 336 (Fla. 3d DCA 1992) (quoting Castro v. State, 597 So. 2d 259, 261 (Fla. 3d DCA 1985)).

Neither McMahon's nor Minner's motions are sworn motions, and the State, in its response to the two Petitions, has not conceded the truth of the allegations in either motion.  Indeed, the State argues that the absence of any sworn evidence is fatal to the motions below and the Petitions here. Further, Mr. Moses appears to dispute any allegation that he was "involved"

5

in these cases, telling the judge at the hearing: "I haven't touched these cases in any prosecutorial nature since I've had them."

Because there are factual issues that remain in dispute and require resolution, we grant the Petitions in both cases and quash the orders denying disqualification of the entire Monroe County SAO. Cf. Knespler v. State, 314 So. 3d 287, 290 (Fla. 3d DCA 2020) (concluding that the trial court did not abuse its discretion in denying Knespler's motion to disqualify the entire Monroe County SAO where the unrefuted testimony established that the attorney sought to be disqualified had not provided any confidential information gained from the defendant to anyone in the entire Monroe County SAO and had not assisted in any capacity in the prosecution of the defendant's case).

Petitions granted. Orders quashed.[2]

---

[2] We stop short of remanding with instructions because these cases are before us on certiorari review. See, e.g., Piquet v. Clareway Props. Ltd., 314 So. 3d 423, 428 (Fla. 3d DCA 2020) ("[T]his Court's authority, on certiorari review, is limited to quashing the lower court's order."); Gulf Oil Realty Co. v. Windhover Ass'n, Inc., 403 So. 2d 476, 478 (Fla. 5th DCA 1981) ("[W]hen an appellate court reviews a lower court order, there is a procedural distinction between review by certiorari and review by appeal. On appeal, an appellate court has authority to reverse an order or judgment and remand with directions or instructions for the trial court to follow. However, after review by certiorari, an appellate court can only quash the lower court order; it has no authority to direct the lower court to enter contrary orders.").

6