790 P.2d 1062
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Floyd SANTILLANES,
Defendant–Appellant.**

**No. 10921.**

Court of Appeals of New Mexico.

March 15, 1990.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Linda Yen, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

APODACA, Judge.

Defendant appeals his jury conviction for aggravated battery with a deadly weapon. He raises several issues on appeal, among them: (1) the trial court erred in denying his motion for a new trial based on ineffective assistance of counsel; and (2) the evidence was insufficient to support his conviction. Defendant's first issue is founded on his contention that a conflict of interest denied defendant effective assistance of counsel when trial counsel represented both defendant and defendant's brother, a co-defendant. We agree with defendant that an existing conflict of interest deprived him of his right to effective assistance of counsel under the United States Constitution Amendment VI. We thus reverse the trial court.

We must address the substantial evidence issue, since defendant would be afforded greater relief on appeal if this court determined the evidence was insufficient to support the conviction. *See State v. Losolla,* 84 N.M. 151, 500 P.2d 436 (Ct.App.1972) (if evidence is insufficient to support a conviction, cause is remanded with instructions to release defendant). Because we hold that there was sufficient evidence supporting the jury's verdict, we also examine defendant's claim that the trial court erred in denying his motion for new trial. Under the record in this appeal, we determine that the trial court erred in denying defendant's motion for new trial. We therefore remand for a new trial. Our disposition does not require us to address defendant's remaining issues.

Defendant and his brother, who apparently bear a strong resemblance as siblings, were involved in a fight with other persons. During the altercation, three victims were wounded; one victim was shot in the leg and two others were stabbed with a knife. Defendant and his brother were arrested. Defendant's brother was charged with the two stabbings and defendant was charged with the shooting.

Both of them retained Estevan Martinez as defense counsel. Immediately before trial, defendant's brother entered into a plea agreement under which he pled guilty to the two stabbings and swore under oath that he did not fire the weapon. After the plea, defendant's brother informed trial counsel that he had done the shooting. Trial counsel failed to inform the trial court or defendant about defendant's brother's admission. It was not until midway through defendant's trial that trial counsel told defendant of the admission. At trial, Art Garcia, a witness, testified that he saw the fight and it was defendant's brother, not defendant, who fired the shot. Ruben Salazar, another witness, testified that, before trial, he met with defense counsel, defendant and defendant's brother. He stated defendant's brother wanted to confess that he had fired the shot, but that defense counsel told him not to say anything about the admission of defendant's brother, indicating that he was the one who had fired the shot.

At the hearing on the motion for new trial, defense counsel stated that, after the trial, defendant's brother signed an affidavit admitting he, not defendant, had fired the shot. Counsel also admitted that, to protect defendant's brother, he had to avoid calling him as a witness at defendant's trial. Defendant testified at the same hearing that he wanted to take the stand at the trial to deny firing any shot, but that defense counsel told him he did not want him to take the stand. Additionally, Dolores Salazar and Darlene Martinez testified at the hearing that defendant's brother told him he had fired the shot.

It is well established in New Mexico that trial counsel representing a defendant has a duty to avoid a conflict of interest. *See State v. Talley,* 103 N.M. 33, 702 P.2d 353 (Ct.App.1985). Our function in this appeal is to determine whether the joint representation by trial counsel created an actual conflict of interest, thus depriving defendant of effective assistance of counsel. In making this determination, we view the proceedings as a whole. *Id.* The standard we apply generally is whether counsel exercised the skill of a reasonably competent attorney. *Id.*

When ineffective assistance of counsel is based on a conflict of interest, prejudice is presumed and need not be proved. *State v. Aguilar,* 87 N.M. 503, 536 P.2d 263 (Ct. App.1975) (a defendant is denied his constitutional right of effective assistance of counsel if his attorney represents two defendants with conflicting interests, without disclosing such conflicts and obtaining waivers). However, there must be an actual conflict of interest and not just a possibility of a conflict. *State v. Robinson,* 99 N.M. 674, 662 P.2d 1341, *cert. denied,* 464 U.S. 851, 104 S.Ct. 161, 78 L.Ed.2d 147 (1983). The test for determining the existence of an actual conflict is whether counsel "actively represented conflicting interests" that adversely affected his performance. *Id.* at 679, 662 P.2d at 1346. *United States v. Abner,* 825 F.2d 835 (5th Cir. 1987). *United States v. Aiello,* 681 F.Supp. 1019 (E.D.N.Y.1988), stated it differently. That case required that a defendant show some plausible defense might

have been pursued but was not because it would be damaging to another's interest.

In *People v. Macerola,* 47 N.Y.2d 257, 417 N.Y.S.2d 908, 391 N.E.2d 990 (1979), the court held that where one attorney represented two defendants charged with the same crimes under circumstances similar to those in this case, a conflict existed, denying both defendants their right to counsel. Although this appeal does not involve two defendants charged with the same crime, we believe the rationale under *Macerola* applies because the charges here stemmed from the same incident. New Mexico also has previously addressed the issue of conflict of interest in *State v. Hernandez,* 100 N.M. 501, 672 P.2d 1132 (1983). *See also State v. Tapia,* 75 N.M. 757, 411 P.2d 234 (1966).

*Hernandez* held that the conflict in question there was too slight to constitute an actual conflict of interest. The court emphasized there was, in effect, no joint representation by counsel because there was a time lapse of several months between the representation of the co-defendant and defendant. Co-defendant's attorney had ended his association with co-defendant several months before trial for defendant commenced. *Id.* Distinguishing *Tapia,* the court concluded that the co-defendant in *Hernandez* was subject to cross-examination by defendant.

■ The facts in this appeal lead us to a different result. We believe the interests of defendant and co-defendant here could not be effectively represented by one attorney. By attempting to establish a defense for co-defendant, trial counsel was forced to abandon strategy that could have been used to exonerate defendant. *United States v. Auerbach,* 745 F.2d 1157 (8th Cir.1984) (joint representation prevents attorney from using best efforts to prove innocence of defendant). In the interest of maintaining client confidentiality and avoiding perjury charges against co-defendant, trial counsel was unable to use co-defendant as a witness for defendant. In violation of the requirements recognized in *Hernandez,* co-defendant was not subject to

cross-examination by defendant. Unlike the facts in *Hernandez*, trial counsel's joint representation of defendant and co-defendant here continued to the time defendant's trial began. At that juncture, it was difficult to escape the implication that defendant did the shooting. This was because co-defendant stated under oath he had not fired the shot that wounded the victim. This scenario impermissibly limited trial counsel's strategy.

The state argues that, at the hearing on defendant's motion for a new trial, the trial court believed defendant and his witnesses were liars. The state then reasons that, because the witnesses were unbelievable, shifting the blame of the shooting to co-defendant was not a plausible defense strategy. The state's basis for this argument is that if there was no plausible defense that would afford defendant a significant gain, there was no actual conflict.

A plausible strategy need not be successful. *United States v. Fahey*, 769 F.2d 829 (1st Cir.1985); *Foxworth v. Wainwright*, 516 F.2d 1072 (5th Cir.1975). The court in *Foxworth* refused to speculate on the effect the credibility of the witnesses would have on the defense strategy. When the defendant used a "shifting blame" strategy, *Foxworth* held it was a plausible strategy because there was medical evidence to show that the blame could possibly be shifted to someone other than defendant. *Id.* A "shifting blame" strategy is not plausible when there is no indication that a co-defendant committed the crime. *Oliver v. Wainwright*, 782 F.2d 1521 (11th Cir.), *cert. denied*, 479 U.S. 914, 107 S.Ct. 313, 93 L.Ed.2d 287 (1986) (alternative strategy was not plausible when there was no evidence indicating that a co-defendant might have stabbed the victim).

■ In this appeal, the witnesses' credibility was not indicative of the success or failure of a plausible strategy, as the state would have us conclude. *See Foxworth v. Wainwright*. There was testimony at trial by a witness indicating that a "shifting blame" strategy could be used in an attempt to prove that co-defendant was the person who fired the shot. This witness had testified at trial that he actually saw co-defendant, not defendant, shoot the victims.

Addressing the state's argument that the trial court disbelieved the witnesses, we conclude New Mexico law supports the proposition that an adversary can make more of evidence than the possibility envisioned by a judge. *See State v. Orona*, 92 N.M. 450, 589 P.2d 1041 (1979); *State v. Romero*, 87 N.M. 279, 532 P.2d 208 (Ct. App.1975). Thus, we hold that a new trial is required under the facts in this appeal, where defense counsel undertook to represent two co-defendants without disclosing the conflict or obtaining a waiver, and certain avenues of defense were precluded for defendant. *See State v. Orona.*

■ The state argues generally that defendant waived his conflict of interest claim. Specifically, the state claims there was a waiver because defendant participated in a devious scheme to clear both himself and his brother. We disagree.

At the hearing on defendant's motion for a new trial, defense counsel testified that defendant's brother had told him on the day of trial that he, not defendant, fired the shot. He also stated he had no recollection of specifically advising defendant that his brother confessed to the shooting. When the right to counsel is involved, the presumption is against waiver and loss of a fundamental right. *State v. Hamilton*, 104 N.M. 614, 725 P.2d 590 (Ct.App.1986). A waiver must be clearly shown on the record. *Id.* There is no indication in this appeal that defendant was aware of a conflict or that he even expressed a clear waiver of the conflict of interest claim. Additionally, a waiver of a right must be made knowingly and intelligently. *Wheat v. United States*, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *State v. Hamilton*. There was no showing in the record that defendant made a knowing and intelligent waiver of the existing conflict of interest.

■ Finally, we address defendant's contention that the evidence presented at trial was insufficient to support his conviction.

*See State v. Losolla.* The test to determine sufficiency of evidence is whether substantial evidence exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to the conviction. *State v. Brown,* 100 N.M. 726, 676 P.2d 253 (1984). In testing the sufficiency of the evidence, we must view the evidence in the light most favorable to support the jury's verdict. *Id.* In this regard, it is true that there was conflicting evidence with respect to whether defendant or co-defendant was holding a gun when the victim was wounded. Where testimony is conflicting, the trier of fact must resolve the conflict. *State v. Ellis,* 89 N.M. 194, 548 P.2d 1212 (Ct.App.1976).

There was evidence showing that defendant was the person who shot the victim. Specifically, the victim testified he saw defendant aim a gun at him just before he was wounded. Although the victim may have mistaken defendant for co-defendant because of their resemblance, we hold this was substantial evidence nonetheless. *See*

*State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978).

We conclude there was an actual conflict of interest that denied defendant his right to effective assistance of counsel. We therefore hold that the trial court erred in denying defendant's motion for a new trial. We also hold that there was substantial evidence supporting the conviction, thus not requiring a dismissal of the charges against defendant.

We reverse defendant's conviction and remand for a new trial.

IT IS SO ORDERED.

DONNELLY and ALARID, JJ., concur.