919 P.2d 1076

Jesse R. CHURCHMAN,
Petitioner–Appellee,

v.

Donald DORSEY, Warden, SNMCF,
Respondent–Appellant.

No. 23241.

Supreme Court of New Mexico.

May 28, 1996.

Tom Udall, Attorney General, Marcia J. Milner, Asst. Attorney General, Santa Fe, for Appellant.

The Holmes Law Firm, Todd A. Holmes, Alamogordo, for Appellee.

## OPINION

FROST, Chief Justice.

1. Petitioner–Appellee, Jesse Churchman, petitioned for a writ of habeas corpus, claiming ineffective assistance of counsel based on his attorneys' alleged conflict of interest. After an evidentiary hearing the trial court granted Churchman's requested writ. We now reverse.

## I. FACTS

2. In April 1991, Churchman was convicted on five felony charges: distribution of marijuana, conspiracy to distribute marijuana, trafficking in cocaine, and two counts of conspiracy to traffic in cocaine. The trial court sentenced Churchman to 12 years and 244 days of incarceration. This sentence included time added to his base sentence for two separate habitual-offender enhancement penalties. Churchman appealed his conviction and sentence on grounds not at issue in this habeas corpus petition. The Court of Appeals affirmed Churchman's conviction and sentence in a memorandum opinion. *State v. Churchman*, No. 13,405 (N.M.Ct. App. Dec. 20, 1991).

3. In May 1994, Churchman filed a petition for a writ of habeas corpus raising four issues. Churchman first alleged that his sentence enhancements violated due process. He then claimed that he was denied effective assistance of counsel, arguing: (1) his attorneys failed to investigate his case adequately, (2) his attorneys failed to call three defense witnesses who were present at trial, and (3) his attorneys failed to advise Churchman that the court could enhance his sentence because of his prior convictions. The trial court held a hearing on Churchman's petition in February 1995. At the hearing, the trial judge allowed Churchman to amend his petition orally to include an additional claim of ineffective assistance of counsel based on his attorneys' alleged conflict of interest. The trial court rejected Churchman's due process claim and the first three grounds of Churchman's ineffective assistance of counsel claim. Churchman did not appeal the court's conclusions regarding those issues. Accordingly, only the conflict of interest claim is at issue in this appeal.

4. At the February hearing, Churchman testified that he was represented by Gary Mitchell and Noel Orquiz, with Mitchell serving as lead counsel. He testified that both Mitchell and Orquiz also represented James Hilliard, another defendant who had been charged with drug trafficking and who had been arrested with Churchman. Churchman alleged that at least one of the charges against Hilliard stemmed from an illegal drug transaction in Las Cruces for which Churchman was also charged and subsequently convicted. Churchman stated that Hilliard had witnessed the events in Las Cruces and could have testified on Churchman's behalf at trial, but Mitchell and Orquiz did not call Hilliard to testify at trial. Churchman, on the other hand, was subpoenaed to testify at Hilliard's trial, which occurred after Churchman's trial. Churchman, however, was never actually called to the stand in Hilliard's trial.

5. Finally, Churchman stated that Mitchell and Orquiz never informed him that they also represented Hilliard, nor did they ask him to sign a waiver of conflict of interest. Churchman explained that he did not learn of the dual representation until more than a year after he was convicted and sentenced.

6. Churchman was the only witness to testify at the February hearing. After Churchman testified, the trial court granted the State a continuance to allow the State the opportunity to call a witness to respond to the newly amended petition. The trial judge held a second evidentiary hearing in June 1995, at which the State called Orquiz as its only witness. Orquiz acknowledged that he and Mitchell represented both Churchman and Hilliard for charges arising, in part, out of the same incident. He also acknowledged that he and Mitchell did not obtain any waiver of conflict from Churchman. However, Orquiz testified that he did not believe there was any actual conflict in representing both defendants.

7. Orquiz stated that both Churchman and Hilliard presented consistent defenses, with both claiming that they had been entrapped by a paid police informant. Orquiz testified that he and Mitchell had discussed

calling Churchman and Hilliard as witnesses in each other's case. He explained that he and Mitchell decided to call Churchman in Hilliard's case, but not to call Hilliard in Churchman's case, because they believed that Churchman would be perceived as a credible, likeable witness by the jury, whereas Hilliard would not. Orquiz noted that, although he knew Hilliard may have had some useful information, he did not believe calling Hilliard to testify in Churchman's trial would have helped Churchman's case.

8. After hearing the evidence presented by the parties, the trial court granted Churchman's petition. The trial court found that Mitchell and Orquiz had represented both Churchman and Hilliard without disclosing this dual representation to, or obtaining a written waiver of conflict from, Churchman. The court concluded that when such undisclosed, dual representation is alleged by a defendant, prejudice to the defendant is presumed and need not be proved. It therefore concluded that Churchman was denied effective assistance of counsel and was entitled to a new trial on all counts.

9. The State now appeals the trial court's ruling. We note proper jurisdiction over this appeal, SCRA 1986, 12–102(A)(5) (Repl. Pamp.1992) (appeals from granting of writs of habeas corpus), and we reverse.

## II. DISCUSSION

10. In *Duncan v. Kerby*, 115 N.M. 344, 347–48, 851 P.2d 466, 469–70 (1993), we set out the proper standard of review for a grant of a writ of habeas corpus based on a claim of ineffective assistance of counsel. We stated:

When this Court addresses the propriety of a lower court's grant or denial of a writ of habeas corpus based on ineffective assistance of counsel, findings of fact of the trial court concerning the habeas petition are reviewed to determine if substantial evidence supports the court's findings. Questions of law or questions of mixed fact and law, however, including the assessment of effective assistance of counsel, are reviewed de novo.

*Id.* (citations omitted); *see also id.* at 348 n. 2, 851 P.2d at 470 n. 2 (noting similarities and differences between our standard of review and that of federal courts).

11. The facts in the present case, as set out above, are undisputed. The only issue before us is whether the trial court applied the correct standard in evaluating Churchman's claim of ineffective assistance of counsel, or stated more specifically, whether Churchman was entitled to a presumption of prejudice arising from Mitchell and Orquiz's dual representation of Churchman and Hilliard. Consequently, we review this question of law de novo.

12. We first set out the present standard for evaluating a claim of ineffective assistance of counsel arising from representation of conflicting interests in *State v. Robinson*, 99 N.M. 674, 678, 662 P.2d 1341, 1345, *cert. denied*, 464 U.S. 851, 104 S.Ct. 161, 78 L.Ed.2d 147 (1983). We stated in *Robinson:*

"Where a constitutional right to counsel exists ... there is a correlative right to representation that is free from conflicts of interest." A lawyer who represents co-defendants whose interests conflict cannot provide the adequate legal assistance required by the Sixth Amendment. Although the violation of the right to effective assistance of counsel does not depend on a showing of prejudice, a defendant must show that his counsel *actively* represented conflicting interests.

*Id.* (emphasis added) (citations omitted) (quoting *Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220 (1981)). We explained that although a possible conflict of interest inheres in almost every instance of multiple representation, the mere *possibility* of conflict is insufficient to support a claim of ineffective assistance of counsel. *Id.* In order to demonstrate a violation of the constitutional right to effective assistance of counsel, the defendant must establish that an *actual* conflict of interest arose that affected defense counsel's performance. *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980)).

▮ 13. We further elaborated on this holding in *State v. Hernandez*, 100 N.M. 501, 503, 672 P.2d 1132, 1134 (1983), stating:

> Representation of two defendants by the same attorney is not *per se* a violation of constitutional guarantees of effective counsel. Only where a court requires an attorney to represent two co-defendants whose interests are in [actual] conflict is one of the defendants' Sixth Amendment right to effective counsel denied.

We then explained, "An actual conflict exists if a defendant's counsel '*actively* represented conflicting interests.'" *Id.* (quoting *Robinson*, 99 N.M. at 679, 662 P.2d at 1346). Accordingly, when a defendant alleges ineffective assistance of counsel based on conflict of interest, we will only presume prejudice to the defendant if defense counsel actively represented conflicting interests. *Id.; see also State v. Case*, 100 N.M. 714, 717, 676 P.2d 241, 244 (1984) ("Our review of the record shows that any alleged conflict which may have existed had no adverse effect upon [the performance of defense counsel]. There must have been an actual conflict which adversely affected the defense lawyer's performance. Absent an actual conflict, the defendant has no claim."); *State v. White*, 101 N.M. 310, 314, 681 P.2d 736, 740 (Ct.App.) (noting that, absent showing of *actual* conflict, court would not presume prejudice from dual representation), *cert. denied*, 101 N.M. 189, 679 P.2d 1287 (1984).

▮ 14. It is evident here that the trial court applied the incorrect standard in concluding that prejudice should be presumed from Mitchell and Orquiz's dual representation of Churchman and Hilliard. In reaching its conclusion, the trial court made no finding of any actual conflict arising from active representation of conflicting interests. Instead, the trial court apparently relied on an older Court of Appeals case, *State v. Aguilar*, 87 N.M. 503, 504, 536 P.2d 263, 264 (Ct.App. 1975), in which the Court stated:

> A defendant is denied his constitutional right of effective assistance of counsel if his attorney represents conflicting interests without a disclosure of such facts and a waiver of the conflict by the defendant.... When ineffective assistance of counsel is alleged due to conflict of interest between the defendant and the victim, we will assume prejudice and none need be shown or proved.

In *Aguilar*, the defendant's attorney was also representing the victim in a separate civil claim. *Id.* *Aguilar* was correctly decided based on the facts in that case because the dual representation by defense counsel clearly constituted active representation of conflicting interests. However, to the extent that *Aguilar* adopted a presumption of prejudice without a showing of actual conflict, it has been overruled by *Robinson* and *Hernandez*. Consequently, we conclude that the trial court erred when it applied the superseded standard set out in *Aguilar*.[1]

▮ 15. Turning to the facts of this case, we find that Mitchell and Orquiz did not actively represent conflicting interests. It is uncontradicted that Churchman and Hilliard presented consistent defenses, with both claiming they were entrapped by the same police informant. Mitchell and Orquiz were able to pursue both Churchman's and Hilliard's defenses diligently without any actual conflict.

16. Churchman counters by pointing out that Mitchell and Orquiz did not call Hilliard as a witness in his case even though Hilliard may have had some useful information, yet Mitchell and Orquiz subpoenaed Churchman to testify in Hilliard's case. Churchman cites to *State v. Santillanes*, 109 N.M. 781, 790 P.2d 1062 (Ct.App.1990), as supporting his contention that this double standard demonstrated an actual conflict meriting a presumption of prejudice.

1. We wish to express our serious disappointment in the poor quality of the briefs in this case. We are amazed that neither party cited any of the New Mexico Supreme Court opinions that set out the proper standard for analyzing the sole issue on appeal in this case. Indeed, the only relevant New Mexico case discussed (and factually distinguished) in the Brief in Chief is *Aguilar*, a twenty-year-old case, which, as noted above, has not stated the proper standard since 1983. We remind the parties that it is not the job of this Court to do counsels' homework. *State v. Clifford*, 117 N.M. 508, 513, 873 P.2d 254, 259 (1994).

17. However, *Santillanes* is factually distinct from this case. In *Santillanes*, the same attorney represented the defendant and his brother, both of whom were arrested after an incident in which one brother stabbed two individuals, and the other brother shot a third individual. *Id.* at 782, 790 P.2d at 1063. The defendant was charged with the shooting, and his brother was charged with the stabbings. The brother pled guilty to the stabbings and swore under oath that he was not the one who shot the third victim. *Id.* However, the brother later admitted to the attorney that, in fact, he was the one who shot the third victim. *Id.* The defense attorney refused to allow the brother to take the stand in the defendant's trial and admit to the shooting because it would have adversely affected the brother's case. *Id.* at 783, 790 P.2d at 1064. The Court concluded:

> We believe the interests of defendant and [the brother] here could not be effectively represented by one attorney. By attempting to establish a defense for [the brother], trial counsel was forced to abandon strategy that could have been used to exonerate defendant. In the interest of maintaining client confidentiality and avoiding perjury charges against [the brother], trial counsel was unable to use [the brother] as a witness for defendant.

*Id.* (citation omitted).

18. Conversely, in this case, actively pursuing Hilliard's defense in no way adversely affected or necessarily limited Mitchell or Orquiz's ability to diligently pursue Churchman's defense. Orquiz testified that the only reason Hilliard was not called as a witness in Churchman's trial was because Orquiz believed that Hilliard was not a credible witness and that he would not have helped Churchman's case. The trial judge noted during the June hearing, and Churchman conceded, that Orquiz's decision not to call Hilliard as a witness was strictly a tactical decision. On appeal, this Court will not second guess the trial strategy and tactics of the defense counsel. *State v. Gonzales*, 113 N.M. 221, 230, 824 P.2d 1023, 1032 (1992).

19. Accordingly, Churchman's testimony did not establish that his attorneys' dual representation resulted in any actual conflict of interest. Absent a showing of actual conflict, we will not presume that Churchman suffered any prejudice. Furthermore, Churchman did not demonstrate that he suffered any actual prejudice as a result of the alleged ineffective assistance of counsel. *See Duncan*, 115 N.M. at 348, 851 P.2d at 470 (noting defendant must show that attorney's incompetent representation prejudiced defendant's case and rendered trial results unreliable). We therefore conclude that the trial court erred in granting Churchman's petition for writ of habeas corpus.

### III. CONCLUSION

20. For the foregoing reasons, we reverse the trial court and vacate the trial court's order granting Churchman's petition for writ of habeas corpus.

21. **IT IS SO ORDERED.**

RANSOM and BACA, JJ., concur.