This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                        **NO. 27,192**

**PABLO DELGADO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Silvia Cano-Garcia, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

    Defendant appeals his convictions for possession of cocaine and tampering with

evidence. In our third summary calendar notice, we proposed to reverse and remand for a new trial on the charges because of improperly admitted forensic evidence. We addressed sufficiency of the evidence as it would grant Defendant greater relief, but proposed to conclude that the evidence was sufficient. Both Defendant and the State have timely responded to our proposal. Having considered the arguments, we reverse and remand for a new trial.

In our notice, we proposed to conclude that the forensic report prepared by Mr. Young could not be admitted into evidence without his testimony to support it. *State v. Aragon*, 2010-NMSC-008, ¶ 19, 147 N.M. 474, 225 P.3d 1280. We proposed to conclude that the testimony of Ms. Elenbaas about that report was likewise inadmissible. The State argues that her testimony was sufficient to conclude that she reached an independent conclusion based on her own review of the data and results. [SMIO 5-6] We disagree. Ms. Elenbaas's testimony was similar to Mr. Young's testimony in *Aragon*: an explanation regarding how the test was performed and approval of the testing chemist's results. The record before us does not indicate anything in Ms. Elenbaas's testimony indicating that she relied on her own analysis to arrive at her own conclusion. Rather, she was simply explaining her approval of Mr. Young's conclusion. It is not clear that she was stating her own opinion based on the underlying data and Mr. Young's notes, but rather relaying Mr. Young's opinion

2

and stating her approval of it. We conclude that Ms. Elenbaas's testimony regarding Mr. Young's opinion that what he tested was cocaine was improperly admitted.

The State argues that even if the report and testimony were improperly admitted, it was harmless error. [SMIO 6-8] The State argues that there was other admissible evidence that the substance was cocaine. This evidence consisted of the testimony of a police detective who performed a field test on the substance. [SMIO 7] This Court has previously held that the State must prove the scientific reliability of a drug field test in order for it to be admissible. *State v. Morales*, 2002-NMCA-052, ¶ 23, 132 N.M. 146, 45 P.3d 406. It does not appear that there was such proof in this case. Thus, we cannot rely on a field test of the substance to conclude that there was a disproportionate volume of permissible evidence to support a finding that the substance was cocaine. We conclude that the erroneous admission of the forensic report and testimony was not harmless.

In our notice, we proposed to conclude that the evidence was sufficient to support the conviction. *See State v. Santillanes*, 109 N.M. 781, 782, 790 P.2d 1062, 1063 (Ct. App. 1990) (noting that court addresses substantial evidence issue because that would afford greater relief). Defendant's response points us to evidence that is simply conflicting. As we have often stated, it is for the jury to resolve the conflicts in the evidence. Further, our review is for sufficient evidence to support the

conviction, not for whether the finder of fact could have reached a different result. *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. We conclude that the evidence presented at the trial was sufficient for a reasonable jury to conclude that Defendant possessed cocaine and that he discarded it intending to prevent his prosecution for such possession. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating the standard of review for sufficiency of the evidence). Thus, Defendant is not entitled to dismissal of the charges, but rather remand for a new trial.

For the reasons stated herein and in the third notice of proposed disposition, we reverse the convictions and remand for a new trial.

**IT IS SO ORDERED**.


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**LINDA M. VANZI, Judge**

4