This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                                                                                  **NO. 29,988**

**MATTHEW WIGGINS**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, LLC
Robert E. Tangora
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

Defendant appeals his convictions for first degree kidnapping, two counts of third degree criminal sexual penetration, unlawful taking of a motor vehicle, and the enhancement of his sentence for being a habitual offender with two prior felony convictions. Defendant raises two issues. First, he argues that the district court erred in denying his motion for mistrial when witnesses referred to the alleged victim (E.H.) as the "victim." Second, Defendant contends that his trial counsel was ineffective under the Sixth Amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution. Because we conclude that the district court did not abuse its discretion in denying the motion for mistrial and because Defendant has not made a prima facie showing of ineffective assistance, we affirm.

The factual and procedural background is familiar to the parties. Because this is a memorandum opinion, we provide details as necessary to our discussion of the issues raised by Defendant.

**DISCUSSION**

**The District Court Did Not Err In Denying Defendant's Motion For Mistrial**

Defendant argues that the district court erred when it denied his motion for mistrial. Specifically, Defendant contends that the district court should have granted his motion for mistrial when a witness referred to E.H. as the "victim" instead of giving a curative instruction to the jury. It is well established that the trial court's ruling on a motion for mistrial is addressed to the sound discretion of the trial court

2

and will not be disturbed absent a showing of abuse of discretion. *See State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752; *see also State v. Fry*, 2006-NMSC-001, ¶ 52, 138 N.M. 700, 126 P.3d 516.

At the outset, we note that two witnesses, Erma Lewis and Detective Weisheit, referred to E.H. as the victim in this case. However, trial counsel moved for a mistrial only in response to Lewis' testimony, and he did not request a curative instruction or move for a mistrial during Detective Weisheit's testimony. We therefore begin with whether the district court erred in denying Defendant's motion for mistrial when Lewis referred to E.H. as the victim, and we then turn to the issue of Detective Weisheit's testimony.

During cross-examination, trial counsel questioned Lewis about her relationship with E.H. and, in particular, about her disappointment in E.H. for partying and smoking methamphetamine. On re-redirect, the prosecutor followed up on these questions and asked Lewis if she told E.H. that she was disappointed in her. Lewis testified that she did not tell E.H. that she was disappointed because of E.H. "being a victim she [did not] need that." Trial counsel objected immediately, and the prosecutor said he had no further questions. At a bench conference shortly thereafter, trial counsel moved for a mistrial. The district court said the single comment was not grounds for a mistrial and told trial counsel that he would give a curative instruction if trial counsel wanted him to do so. Trial counsel agreed, and the court directed the

3

jury to disregard Lewis' comment that E.H. was a victim and further instructed that it was ultimately up to the jury to make that determination.

Based on the single reference to E.H. as a victim and the curative instruction to the jury that followed immediately, we conclude that the district court did not abuse its discretion in denying Defendant's motion for mistrial. Moreover, Defendant does not provide any argument as to why this isolated reference warranted a mistrial or why the district court's cautionary instruction would not have cured any potential prejudice. We therefore affirm on this issue.

Although not entirely clear, Defendant also seems to argue that the district court should have granted a mistrial after Detective Weisheit referred to E.H. first as the victim and later as the alleged victim. Specifically, Detective Weisheit explained his initial meeting with E.H. and testified that he "proceeded to the SANE office where [he] met the victim and deputies from the sheriff's office." Trial counsel did not object. The prosecutor then asked, "who was the victim?" Again, there was no objection. In response to the prosecutor's next question asking what he did and what he observed when speaking with E.H., Detective Weisheit described the process he would follow when conducting "an interview with a victim in that setting." Trial counsel did not object. Later, Detective Weisheit testified generally about the procedure he followed when he would go to the SANE office to conduct an investigation and, again, he told the jury that he would interview "a victim or any

4

person who has been victimized." At this point, trial counsel objected and said that the witness should say the "alleged victim." Detective Weishet clarified that he was speaking about the procedure he follows in general terms and was not specifically referring to E.H.

As we have noted, trial counsel did not object the first three times that Detective Weishet referred to "the victim." In fact, the only time trial counsel objected was when Detective Weishet made a general statement about how he went about conducting an interview with "a victim or any person who has been victimized." Further, trial counsel did not move for a mistrial at any time during Detective Weisheit's testimony. Therefore, the issue was not properly preserved for appeal, and we will not address it. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (holding that, in order to preserve an issue for appeal, the defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon); *see also* Rule 12-216(A) NMRA. We also observe that Defendant does not argue that Detective Weishet's references to the victim should be considered under the doctrine of fundamental error. We affirm.

**Defendant Has Not Made a Showing of Ineffective Assistance of Counsel**

Defendant next argues that he has raised a prima facie case for ineffective assistance of counsel and, therefore, we should remand this case to the district court for an evidentiary hearing on the issue. Defendant asserts that trial counsel was ineffective because (1) he failed to present mitigating psychological testimony at sentencing and, (2) because he had a conflict of interest. *See generally State v. Martinez*, 2001-NMCA-059, ¶¶ 23-24, 130 N.M. 744, 31 P.3d 1018 (recognizing that the right to effective assistance of counsel includes both the right to counsel of reasonable competence, as well as the right to counsel's undivided loyalty). We take each argument in turn.

**Trial Counsel's Failure to Present Mitigating Psychological Testimony at Sentencing Did Not Amount to Ineffective Assistance of Counsel**

When a defendant argues counsel was ineffective based on incompetence, counsel is presumed competent unless the defendant shows (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that the defendant was prejudiced by the deficient performance. *State v. Trujillo*, 2002-NMSC-005, ¶ 38, 131 N.M. 709, 42 P.3d 814; *see also State v. Plouse*, 2003-NMCA-048, ¶ 6, 133 N.M. 495, 64 P.3d 522. The burden of proof is on defendant to prove both prongs. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729.

In this case, Defendant contends that trial counsel "requested the [district] court send [Defendant] to Las Vegas for a psychological evaluation, even though the facility does not perform these" and that "[c]ounsel was invited to obtain an independent one, which was never done or presented at sentencing." This failure, Defendant contends, amounts to ineffective assistance of counsel. Based on our review of the record, we disagree.

On January 27, 2009, four days after trial, trial counsel told the district court that Defendant wanted to get a comprehensive psychological examination in Las Vegas, New Mexico. The court said that it did not think Las Vegas did such evaluations unless there was a question of competency or dangerousness. On that basis, the court suggested that Defendant have a sixty-day diagnostic evaluation. To the extent that Defendant argues that trial counsel "was invited to obtain an independent [psychological examination]," we have found no place in the record where such an "invitation" was made, and counsel cites to none. Nevertheless, a sixty-day diagnostic evaluation was completed on Defendant.

The diagnostic evaluation appears to have been submitted to the court in advance of the sentencing hearing. In addition, prior to sentencing, the State filed a sentencing memorandum, which detailed Defendant's extensive criminal history and noted that Defendant was adjudicated guilty of eight felonies as a juvenile and eighteen felonies as an adult. At the start of the hearing on October 2, 2009, the

district court stated that it had reviewed both the diagnostic evaluation and the sentencing report.

Although the evaluation is not part of the record on appeal, trial counsel discussed the evaluation in detail with the district court and said it was one of the best he had ever read. Trial counsel believed the report laid out Defendant's "problems in this case quite well" and listed for the court the numerous diagnoses made of Defendant, including that Defendant suffers from psychotic disorders, that he had been sexually and physically abused, that he was dependent on inhalants, that he was dependent on cocaine, marijuana, and methamphetamine, that he had anti-social personality disorder and mild mental retardation, as well as a history of head injuries. These diagnoses, counsel went on to say, were consistent with ones made when Defendant was a juvenile and which included learning disorders, hyperactivity disorder, adjustment disorder, and oppositional defiance disorder.

Defendant argues that as a result of trial counsel's failure to obtain an independent psychological evaluation, he failed to present crucial mitigating evidence in this case. However, Defendant does not explain what additional information an independent evaluation might have uncovered that was not already included in the detailed diagnostic report. The district court read the diagnostic evaluation which was further elaborated upon by trial counsel at the hearing. Moreover, in the sentencing report, the State conceded that Defendant had a difficult childhood and that he has

8

several behavioral and mental diagnoses. Without specific information explaining how a more extensive evaluation would have made a difference in the sentencing of Defendant, particularly in light of the nature of the crimes committed and Defendant's criminal history, we conclude that Defendant has failed to show that trial counsel was ineffective.

**There Was No Conflict of Interest**

We next address Defendant's argument that his trial counsel was ineffective based on a conflict of interest. This argument implicates the Sixth Amendment's guarantee to the right to counsel's undivided loyalty. *See Martinez*, 2001-NMCA-059, ¶ 24. We note first that the analytical framework for a claim of ineffective assistance of counsel based on a conflict of interest differs from that of an ineffective assistance of counsel claim based on a lack of reasonable competence. *Rael v. Blair*, 2007-NMSC-006, ¶ 10, 141 N.M. 232, 153 P.3d 657. In this regard, when the record demonstrates an actual conflict of interest, prejudice is presumed, and the matter is appropriately addressed for the first time on appeal. *Martinez*, 2001-NMCA-059, ¶¶ 24, 26. Thus, to invoke the presumption of prejudice, there must be an actual, active conflict that adversely affects counsel's performance. *Id.* ¶ 24. On the other hand, when the record reveals the possibility of an actual conflict of interest with an adverse effect, remand is appropriate for an evidentiary hearing. *Id.* ¶ 37. The mere possibility of a conflict or a theoretical division of loyalties alone, however, is

9

insufficient to support a claim of ineffective assistance of counsel. *Id.* ¶ 24. We review de novo whether there is a conflict of interest and whether Defendant is entitled to a presumption of prejudice. *See Churchman v. Dorsey*, 1996-NMSC-033, ¶ 11, 122 N.M. 11, 919 P.2d 1076. We now turn to a determination of whether there was an actual conflict or the possibility of an actual conflict in this case.

Our Supreme Court has recognized two general categories of conflict of interest cases: (1) when counsel represents two clients with divergent interests in the same matter and, (2) when "the interests of the client and the attorney diverge" because counsel's duty of undivided loyalty is "compromised, such as by personal interests or by loyalties to another party, [in which case] counsel must avoid representing the client." *State v. Joanna V.*, 2004-NMSC-024, ¶ 6, 136 N.M. 40, 94 P.3d 783. Here, Defendant relies on the second category of cases—ones involving divided loyalty. Defendant identifies three sources of the conflict of interest that he contends arise from the docketing statement: (1) counsel's failure to identify any issues on appeal and his failure to address the State's sentencing memorandum or pursue a psychological examination, (2) trial counsel's "contempt for Defendant," and (3) counsel's "affinity towards the trial judge." For the reasons that follow, we disagree with Defendant that a conflict exists in any of these situations.

We begin by addressing Defendant's argument that trial counsel was ineffective because he "identified no issues on appeal" and because he failed to adequately

address the State's sentencing memorandum. It is well established that counsel can breach his duty of loyalty to a client if his performance falls below an objective level of competent legal representation such that the incompetent representation prejudices the client's case. *See Duncan v. Kerby*, 115 N.M. 344, 349, 851 P.2d 466, 471 (1993). At the outset we note that counsel has no duty to raise issues absent any meritorious reason to do so. *See State v. Stenz*, 109 N.M. 536, 538, 787 P.2d 455, 457 (Ct. App. 1990) (holding that trial counsel is not ineffective for failure to make a motion that is not supported by the record). Here, however, we need not address counsel's failure to identify issues on appeal because trial counsel put forth an ineffective assistance claim on Defendant's behalf. *See State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) (providing that counsel should advance arguments desired by the client); *State v. Boyer*, 103 N.M. 655, 659, 712 P.2d 1, 5 (Ct. App. 1985) (same). In any event, even if trial counsel did not identify any meritorious issues in the docketing statement, Defendant has failed to show that this error impacted his subsequent appellate representation. *See generally* Rule 12-213(A)(1) NMRA (providing that cases assigned to the general calendar are no longer restricted to briefing only those issues raised in the docketing statement). We have addressed the issue of the psychological evaluation above and do not repeat it here.

We next turn to Defendant's contention that his trial counsel was ineffective because "counsel's contempt for Defendant is apparent in his [d]ocketing

11

[s]tatement." In the docketing statement, counsel describes Defendant as "an African-American, . . . a large young man who presents himself with the same baleful menacing glare of . . . Sonny Liston, circa 1962." We observe that while this reference is somewhat unusual and unorthodox in a docketing statement, Defendant does not point to any place in the record where counsel demonstrated contempt for his client during his representation at trial. Moreover, we note that Defendant raised this identical issue in *State v. Wiggins* (*Wiggins I*), No. 30,051, slip op. at 9-10 (N.M. Ct. App. August 8, 2011), which this Court recently decided. In that case, at Defendant's sentencing hearing, counsel made the same comparison of Defendant to Sonny Liston. *Id.* After examining the context in which the statements were made, we concluded that trial counsel's references to Defendant's physical appearance at the sentencing hearing reflected counsel's trial strategy and that the comments were made as a basis for requesting leniency. *Id.* at 10. Thus, we said, the statements made in the docketing statement simply mirrored trial counsel's explanation at the sentencing hearing as to why the jury might have convicted Defendant and to assist appellate counsel in finding a viable argument on appeal. *Id.* We see no reason to view Defendant's identical argument in this case any differently, and Defendant provides no basis for us to do so.

Lastly, we turn to Defendant's argument that "the root of counsel's conflict is apparent when the [d]ocketing [s]tatement in [*Wiggins I*] is considered." Defendant

12

is apparently referring to his argument in *Wiggins I* that counsel's "affinity" toward the district judge in this case compromised counsel's loyalty to Defendant. We are not persuaded. In *Wiggins I,* we considered—and rejected—Defendant's same argument. *Id.* at 11-12. We first noted that Defendant cited no authority to support the contention that a trial counsel's favorable view of a particular judge can present an actual conflict of interest when such view is not shared by the client. *Id.* at 11. Further, we said that trial counsel apparently felt an obligation to express his opinion of the judge in light of his duty of candor to this Court. *Id.* at 12. While counsel's view of the judge differed from Defendant's view, counsel nevertheless ensured that Defendant's view of the judge and its alleged effect on trial counsel was presented in the proceedings below, as well as in the docketing statement. *Id.* at 12. For the same reasons, we reject Defendant's argument in this case.

Based on the foregoing, we conclude that the record presents neither an actual conflict of interest in trial counsel's representation of Defendant, nor the possibility of a compromised duty of loyalty to Defendant. Absent a prima facie case of ineffective assistance of counsel, Defendant's claim of ineffective assistance of counsel is more properly brought through a habeas corpus petition. *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

**CONCLUSION**

For the reasons set forth above, we hold that trial counsel was not ineffective and that the district court did not abuse its discretion in denying trial counsel's motion to withdraw. We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**