This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    NO. 35,818

**ISAAC MARQUEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

L. Helen Bennett PC
L. Helen Bennett
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}      The State has appealed from an order granting Defendant a new trial, based on

his claim of ineffective assistance of counsel. We previously issued a notice of proposed summary disposition in which we proposed to reverse and remand for further proceedings. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded.

{2}     At this stage in the appellate process we generally avoid reiteration of the background information and analysis previously set forth in the notice of proposed summary disposition. In this case, however, we believe a more comprehensive discussion may be of assistance on remand. We proceed accordingly.

{3}     Initially, we proposed to hold that insofar as the State has claimed that the grant of a new trial in this case was based on an erroneous conclusion that prejudicial legal error occurred at trial, the appeal is properly before us. *See State v. Acosta*, 2016-NMCA-003, ¶ 9, 363 P.3d 1240 (articulating the applicable standard); *and see generally Churchman v. Dorsey*, 1996-NMSC-033, ¶ 11, 122 N.M. 11, 919 P.2d 1076 (observing that the question whether the trial court applied the correct standard in evaluating a claim of ineffective assistance of counsel is a question of law that is reviewed de novo); *State v. Griffin*, 1994-NMSC-061, *¶* 14, 117 N.M. 745, 877 P.2d 551 (indicating that an order granting a new trial is "an immediately appealable order [if] it presents a question of law easily reviewed by an appellate court"). In his memorandum in opposition, Defendant does not take issue with this aspect of our

analysis. We therefore proceed to the merits.

{4}     "To establish a claim of ineffective assistance, a defendant must show error on the part of counsel and prejudice resulting from that error." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 32, 143 N.M. 373, 176 P.3d 1105, *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, 332 P.3d 850. Error is found if the attorney's conduct fell below that of a reasonably competent attorney. *Id.* "Prejudice is shown when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted).

{5}     In this case, the district court's determination that Defendant received ineffective assistance of counsel is premised on the attorney's failure to advise Defendant about the possibility of requesting a lesser included offense instruction on CSCM. [RP 255-56, 258] The district court found that there was some evidence presented at trial that could have supported the submission of such an instruction to the jury, that trial counsel should have consulted with Defendant about this, that his failure to do so was not strategic, and that this failure rendered trial counsel's performance "deficient." [RP 258-259]

{6}     In the notice of proposed summary disposition we acknowledged the apparent unreasonableness of trial counsel's failure to discuss the possibility of requesting a

lesser included offense instruction. *See State v. Boeglin*, 1987-NMSC-002, ¶ 8, 105 N.M. 247, 731 P.2d 943 ("[T]he defendant, not defense counsel, ultimately must decide whether to seek submission of lesser included offenses to the jury."); *cf. State v. Paredez*, 2004-NMSC-036, ¶ 19, 136 N.M. 533, 101 P.3d 799 (holding that a defense attorney's failure to advise a client of the immigration consequences of pleading guilty renders that attorney's performance deficient). However, this does not end our inquiry. In order to obtain relief based upon a claim of ineffective assistance of counsel, Defendant must make a showing of prejudice. *See, e.g., State v. Favela*, 2015-NMSC-005, ¶ 12, 343 P.3d 178 (indicating that even where categorically unreasonable conduct is established, it remains incumbent upon the defendant "to prove that he was prejudiced by counsel's deficient performance").

{7}     "With respect to the showing that counsel's deficient performance prejudiced the defense, the defendant must show that there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *A reasonable probability is a probability sufficient to undermine confidence in the outcome.*" *Lytle v. Jordan*, 2001-NMSC-016, ¶ 27, 130 N.M. 198, 22 P.3d 666 (emphasis added) (alteration, internal quotation marks, and citation omitted).

{8}     Below, the district court concluded that defense counsel's failure to discuss the possibility of an instruction on CSCM "den[ied] Defendant the opportunity to consult

with counsel on this matter" and that Defendant was prejudiced by this failure. [RP 258-59] However, in so concluding, the district court did *not* indicate that there was a "reasonable probability that . . . the result of the proceeding would have been different" if counsel had consulted with Defendant on this matter. *Id.* Instead, the district court merely indicated that "submission of an instruction on the lesser offense . . . *may* have resulted in a different outcome at trial." [RP 258 ¶ 21]

**{9}** In the notice of proposed summary disposition we explained that the discrepancy between the applicable standard and the district court's ultimate determination, as stated, is problematic. As the New Mexico Supreme Court has observed, the distinction between a 'reasonable probability' standard and a 'reasonable possibility' standard is significant. *See, e.g., State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (describing this distinction in the context of harmless error review).

**{10}** In his memorandum in opposition Defendant contends that we have lost sight of the deferential standard of review that is applicable in this context. [MIO 1-2] Relatedly, he contends that the terminology utilized by the district court does not connote a departure from the reasonable probability standard, but rather, reflects "the impossibility of definitively predicting the outcome on retrial." [MIO 2-3] We remain unconvinced. As previously stated, we perceive a significant distinction between a

5

probability, which connotes likelihood, and a mere possibility, as the district court's findings and conclusions reflect. And, to the extent that the applicable standard was misapprehended, we are confronted with an error of law which is subject to de novo review, notwithstanding the nominally discretionary nature of the district court's decision. *See State v. Martinez*, 2008-NMSC-060, ¶ 10, 145 N.M. 220, 195 P.3d 1232 ("A misapprehension of the law upon which a court bases an otherwise discretionary evidentiary ruling is subject to de novo review."); *State v. Barnett*, 1998-NMCA-105, ¶ 13, 125 N.M. 739, 965 P.2d 323 (observing that "the abuse-of-discretion standard does not preclude an appellate court from correcting errors premised on the trial court's misapprehension of the law").

{11} As we explained in the notice of proposed summary disposition, our confidence in the decision rendered below is further undermined by seemingly conflicting indications within the findings. Notwithstanding the fact that Defendant told his attorney to argue that he did not touch the victim, [RP 256 ¶ 11] notwithstanding Defendant's testimony that he would not have told his attorney to argue that the touching had differed from the way alleged, [Id.] and notwithstanding the avowed trial strategy of total denial, [Id.] the district court nevertheless found that trial counsel's failure to request a lesser-included offense instruction was "an oversight and not a part of trial strategy." [RP 258 ¶ 17] This is difficult to comprehend. *See State v. Jensen*,

2005-NMCA-113, ¶¶ 12-16, 138 N.M. 254, 118 P.3d 762 (rejecting a claim of ineffective assistance of counsel based on a failure to submit a lesser-included offense instruction, where the record contained "no indication that defendant's counsel acted in derogation of his client's wishes," and where the defendant offered "no persuasive argument that eliminates any conceivable and viable strategy or tactic," particularly in light of the fact that offering a lesser included offense could dilute the defense under the "all-or-nothing tactic").

{12}     The absence of findings concerning the relative strength of the State's case is similarly disconcerting. "In order to establish a claim of ineffective assistance of counsel, defendant's trial [counsel] must be shown to have been unreliable and as a result, the fact[-]finder must have reached an unjust result." *State v. Newman*, 1989-NMCA-086, ¶ 22, 109 N.M. 263, 784 P.2d 1006. As we explained in the notice of proposed summary disposition, on the record before us we perceive no basis for such a conclusion in this case. The victim appears to have testified that Defendant engaged in a course of nightly abuse which unquestionably entailed penetration. [DS 3] *See* NMSA 1978, § 30-9-11(A) (2009) (defining "criminal sexual penetration" as "the unlawful and intentional . . . causing of penetration, *to any extent* and with any object, of the genital or anal openings of another" (emphasis added)); *State v. Tapia*, 2015-NMCA-048, ¶¶ 5-9, 347 P.3d 738 (observing that "the statutory language

clearly instructs that CSPM occurs if the [d]efendant engaged in an act of penetration to any extent" and ultimately holding that the testimony of the victims describing "physical interaction that was skin to skin, and during which [d]efendant rubbed or repetitiously slid his fingers upon [the] child's unclothed genital openings" supported convictions for CSPM (alteration, internal quotation marks, and citation omitted)). Although there may have been some view of the evidence which might support a determination that CSCM was the highest level of offense committed, this appears to have been a remote possibility, premised upon something elicited on cross-examination from an investigator who took a statement from the victim indicating that Defendant "played with her clit" but did not touch "the inside of her vagina." [RP 183 ¶¶ 81-82, 258] Of course, touching inside the vagina is not required to support a conviction of CSPM. *See id.* ¶ 8 (observing that "the CSPM statute was meant to be inclusive of the broader sense of the female genitalia as opposed to just the vaginal canal" (internal quotation marks and citation omitted)). In light of the clear and explicit nature of the victim's testimony at trial, as well as the position taken by the defense, it seems abundantly clear that the verdict rendered in this case is fundamentally reflective of a credibility determination. Under the circumstances, we question how "the lack of the lesser included offense instruction that [d]efendant claims he should have had rises to the level of prejudice or unjust result required for

8

reversal." *Jensen*, 2005-NMCA-113, ¶ 15.

{13}     In his memorandum in opposition Defendant argues that our stated concerns fail to take into account the fact that the district court is in a far better position to assess witness credibility. [MIO 4-5] However, in the notice of proposed summary disposition we explicitly acknowledged that the district court may have insight that we lack, and that it is possible that the district court's ultimate determination is supportable.  For that reason we proposed to remand, leaving the door open for any further proceedings that the district court might reasonably elect to undertake.  After due consideration, we remain unpersuaded that this proposed course of action fails to strike a prudent balance.

{14}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we reverse and remand for further proceedings consistent herewith.

{15}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____

**STEPHEN G. FRENCH, Judge**