This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                      **A-1-CA-36898**

**HANDEL CABRAL HUGHES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Hector H. Balderas, Attorney General
Santa Fe, NM

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant appeals from his convictions for kidnapping, armed robbery, conspiracy, child abuse, and aggravated assault. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded.  We therefore affirm.

{2}    The relevant background information has previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

{3}    First, Defendant renews his argument that the district court erred in denying his privately-retained trial attorney's motion to withdraw, submitted at Defendant's request immediately before trial, based on concerns stemming from Defendant's failure to pay the attorney's fees. [DS 11, MIO 10-15] Defendant asserts that the denial of the motion effectively deprived him of the right to conflict-free representation, and resulted in ineffective assistance. [MIO 12-15]

{4}    "When ineffective assistance of counsel is based on a conflict of interest, prejudice is presumed and need not be proved." *State v. Santillanes*, 1990-NMCA-035, ¶ 7, 109 N.M. 781, 790 P.2d 1062. "However, there must be an actual conflict of interest and not just a possibility of a conflict." *Id.* The test for determining the existence of an actual conflict is whether counsel actively represented

2

conflicting interests that adversely affected his performance, or whether some plausible defense might have been pursued but was not because it would be damaging to another's interest. *Id.*

{5}     In this case, Defendant provides no support for the proposition that his failure to pay his attorney created such actual conflict. To the extent that Defendant invites the Court to recognize an inherent or categorical conflict of interest under the circumstances presented, we decline to do so. As we previously observed, attorneys routinely fulfill their professional responsibilities without remuneration; this does not create an inherent conflict or render them ineffective. *See* Rule 16-601 NMRA ("The legal profession has a responsibility to provide legal services to those unable to pay."). Moreover, Defendant fails to identify any specific, viable defense strategy that he was prevented from pursuing. [MIO 13] In this regard, we note that Defendant's generalized assertions about counsel's lack of preparation and failure to investigate are not persuasive. [MIO 12-13, 15] *See State v. Cordova*, 2014-NMCA-081, ¶ 10, 331 P.3d 980 ("A general claim of failure to investigate is not sufficient to establish a prima facie case if there is no evidence in the record indicating what information would have been discovered."). We therefore reject Defendant's first assertion of error.

**{6}** By his second issue, Defendant continues to assert that the district court erred in denying his motion for continuance. [DS 11; MIO 15-17] However, the relevant factors indicate otherwise. *See State v. Torres,* 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. The length of the requested delay is six months, which is significant. [MIO 8, 16] We cannot say that the delay would have accomplished Defendant's objectives, because none were clearly specified. Although Defendant contends that a continuance would have allowed him to obtain funds to pay an attorney or to seek the appointment of a public defender, [MIO 17] the record is devoid of support for those assertions. [MIO 7] *See State v. Hall*, 2013-NMSC-001, ¶ 28, 294 P.3d 1235 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record." (internal quotation marks and citation omitted)). The trial court had already granted numerous continuances at Defendant's request. [MIO 8] Insofar as the motion was made on the morning of trial and the jury had been impaneled, granting the requested continuance would have significantly inconvenienced the court, the State, and the victims. [MIO 8] And although the motive might have been legitimate, [MIO 9] the prejudice to Defendant was entirely speculative, given that no specific, plausible avenue of defense was identified. In light of these considerations, we conclude that the district court did not abuse its discretion in denying the requested continuance. *See, e.g.*, *State v. Gonzales*, 2017-NMCA-080, ¶¶ 32-40, 406 P.3d 534

4

(holding that the district court did not abuse its discretion in denying a motion for continuance that was filed the day of trial, given the anticipated three months of additional delay, as well as the patent inconvenience to the court and the State, and the failure to establish prejudice); *State v. Archuleta*, 2012-NMCA-007, ¶¶ 3, 5, 269 P.3d 924 (upholding the denial of a motion for continuance filed the day before trial, where the defendant asserted that he was unprepared but provided insufficient reasons why, and did not explain how additional preparation would have benefitted the defense).

**{7}** Finally, Defendant renews his challenge to the sufficiency of the evidence to establish that he did not voluntarily release the victims in a safe place, [MIO 19] and that he participated in the home invasion which forms the basis for his convictions. [MIO 18-20] We limit the scope of analysis accordingly. *See State v. Dawson*, 1999-NMCA-072, ¶ 13, 127 N.M. 472, 983 P.2d 421 ("We limit ourselves to those elements that [the d]efendant claims to have been insufficiently proved.").

**{8}** As previously described in the notice of proposed summary disposition, no evidence appears to have been presented that Defendant voluntarily released the victims in a safe place; instead, Defendant simply fled when the police arrived. [MIO 2] With respect to Defendant's attack upon the sufficiency of the evidence identifying him as a perpetrator, one of the victims identified Defendant in the course of her testimony. [MIO 4] Additionally, the State presented evidence that numerous items

were recovered from the vehicle that was left at the scene by the perpetrators when they fled on foot, including Defendant's identification card and Defendant's cell phone, from which numerous incriminating text messages were retrieved. [MIO 2-3] This supplies ample support for the convictions.

**{9}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**{10}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**JULIE J. VARGAS, Judge**